[See case No. 226.]

---

## Case No. 10,228.

NICHOLLS v. GEORGETOWN.

[4 Cranch, C. C. 576.] [1]

Circuit Court, District of Columbia. March Term, 1835.

If the business of selling lottery tickets is lawful, the corporation of Georgetown has not power to restrain it; if unlawful, no power to license it.

This was a motion or petition for a certiorari to bring up a prosecution pending before the mayor of Georgetown, D. C., for a penalty of $20 for selling a lottery ticket on the 27th of April, 1835, without a license from the corporation; half to the informer, half

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reversed in 7 Pet. (32 U. S.) 103.]

to the corporation, under a by-law of the 21st of February, 1835. Judgment below May 9, 1835, for the penalty and costs.

Mr. Brent, for plaintiff, Nicholls. The corporation can only exercise powers specifically given and such as are necessary to the exercise of. those expressly given. No power is given by its charter to license the sale of lottery tickets. It has power to restrain and prohibit gambling, but not to license it. The charters of Washington and Alexandria give the specific power to license vendors of lottery tickets, but no such power is given to Georgetown.

Mr. Dunlop, contra. The charter of 1805, § 12, gives the power "to restrain or prohibit gambling." This is a species of gambling; and as it may be restrained it may be licensed. The tax operates as a restraint. State v. Smith, and State v. Lane, 2 Yerg. 272. Buying and selling tickets is gaming.

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion, that if the business of vending lottery tickets was lawful, the corporation had no power to restrain it; if unlawful, no power to license it.